IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY D. BELLEW                                                                    PETITIONER

v.                           Civil No. 05-4065

LARRY NORRIS, Director,
Arkansas Department of Correction                                              RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Petitioner, Larry D. Bellew (hereinafter "Bellew"), a prisoner of the Arkansas Department of Correction (ADC), has filed a petition for writ of habeas corpus pursuant to *28 U.S.C. § 2254* seeking relief from his convictions in Miller County Circuit Court, after a jury trial, of one count of murder in the first degree and one count of murder in the second degree. (Doc. #1) The respondent filed a response on October 5, 2005. (Doc. #5) The undersigned has determined that no evidentiary hearing is required in this matter and submits this report and recommendations with respect thereto.

**State Procedural History:**

On July 1, 1999, an Information was filed in Miller County Circuit Court charging Bellew with two counts of murder in the first degree in violation of *A.C.A. § 5-10-102* with respect to the deaths of his wife, Janie Bellew and his son, Miki Bellew, by means of a firearm. (Transcript, Vol. 1, pp. 1-2, herein "Tr. Vol. ___, p. ___") The case was tried to a Miller County, Arkansas Circuit Court jury on March 26 - April 3, 2001. Bellew was convicted of first degree murder as to the death of Miki Bellew and second degree murder as to the death of Janie Bellew. Bellew was sentenced to terms of imprisonment of 40 years and 20 years respectively, in the ADC, with the sentences to run consecutively. (Doc. #5, Ex. A)

On direct appeal to the Arkansas Court of Appeals, Bellew asserted the single claim that the

trial court erred in admitting into evidence testimony of the brother of Bellew's deceased wife which Bellew contended was unduly prejudicial. The Arkansas Court of Appeals affirmed, without reaching the merits of the claim, finding that even if the claim had merit, the error was harmless in view of the weight of the State's evidence. *Bellew v. State*, CACR 01-778 (Ark. App. June 5, 2002) 2002 WL 1204414.

On August 19, 2002, Bellew filed, in the trial court, an application for post-conviction relief pursuant to *Arkansas Rules of Criminal Procedure, Rule 37*. (Doc. #5, Ex. D) Bellew asserted the following claims:

a. His trial counsel provided ineffective assistance by virtue of counsel's failure to move to suppress an unconstitutionally obtained custodial statement made by Bellew or challenge an unsigned waiver of rights form;

b. His trial counsel provided ineffective assistance by virtue of counsel's failure to move the trial court to suppress evidence illegally obtained at the crime scene;

c. His trial counsel provided ineffective assistance by virtue of counsel's failure to move for a change of venue;

d. His trial counsel provided ineffective assistance by virtue of his counsel's failure to raise the claim that the jury was unconstitutionally selected and empaneled in that certain members of the jury were related to witnesses or "connected to the victims;" and,

e. His trial counsel provided ineffective assistance by virtue of his counsel's failure to renew a motion for directed verdict at the close of the presentation of the evidence.

The application was denied, without a hearing, by order entered on March 11, 2004. (Doc. #5, Ex. E) Bellew appealed the denial of post-conviction relief to the Arkansas Supreme Court, asserting these same claims. (Doc. #5, Ex. F) The Arkansas Supreme Court affirmed the denial of post-conviction relief on June 16, 2005. *Bellew v. State*, CR 04-663 (Ark. Sup. Ct., June 16, 2005) 2005

WL 1411667.

**Federal Habeas Petition:**

On September 12, 2005, Bellew filed herein a petition for writ of habeas corpus pursuant to *28 U.S.C. § 2254*. (Doc. #1) The undersigned found that Bellew's petition was not in compliance with *Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts*, which requires that the petition must specify all grounds for relief available to the petitioner and must state the facts supporting each ground. Accordingly, the undersigned directed Bellew to submit an addendum to petition, more clearly setting forth each ground asserted. (Doc. #9) Bellew filed the addendum to petition on November 23, 2005. (Doc. #10)

Bellew asserts the following claims

a. The testimony of his wife's brother was unconstitutionally admitted;

b. His trial counsel provided ineffective assistance by virtue of counsel's failure to challenge a waiver of rights form and move to suppress an unconstitutionally obtained custodial statement made by Bellew;

c. His trial counsel provided ineffective assistance by virtue of counsel's failure to move the trial court to suppress evidence illegally obtained at the crime scene;

d. His trial counsel provided ineffective assistance by virtue of counsel's failure to move for a change of venue; and,

e. His trial counsel provided ineffective assistance by virtue of his counsel's failure to raise the claim that the jury was unconstitutionally selected and empaneled.

In response, Respondent asserts that the state courts' adjudication of his claims do not violate the provisions of *28 U.S.C. § 2254(d)(1) or (2)*, and that the claims are procedurally barred. (Doc. #5)

**Discussion:**

We have carefully reviewed the trial record in this case. The evidence adduced at trial reveals that Bellew made a late night 911 call, from his home, in which he admitted that he had shot his wife and son. (Tr. Vol. 2, p. 249) When officers arrived at Bellew's home, his wife was found dead on the living room floor (Tr. Vol. 2., p. 263), having sustained three gunshot wounds: one to the right, backside of the head; one to the side of her right arm; and one to the center of her left upper chest. (Tr. Vol. 3, p. 482) Bellew's 15 year old son was found on the ground outside the home, still alive. He had been struck by a bullet which entered his arm, which had been raised in a defensive posture, exited the arm and entered his chest. (Tr. Vol. 3, p. 504) The boy also had sustained a gunshot wound to the lower left back. (Tr. Vol. 3, p. 512) Just before he died, the boy stated to officers that "my dad shot me" and that his father had "shot or got" his mother. (Tr. Vol. 2, pp. 261-63) Bellew testified that he and his son had struggled over a handgun and that, during the struggle, the weapon had discharged striking his wife. He testified that his son then pointed a rifle at him. Bellew stated that he heard shots, then called 911. He then found his wounded son in the bedroom of the home. He testified that he called 911 again, then found his son lying outside. (Tr. Vol. 6, pp. 1351-57) A forensic pathologist testified that Mrs. Bellew's wounds included a gunshot wound to the right-back of the head which was inconsistent with Bellew's testimony as to how the gunshot wound was inflicted. (Tr. Vol. 3, p. 489)

> *28 U.S.C. § 2254(d)*, sets forth limitations upon federal habeas review of state court decisions.
>
> A federal court may grant habeas relief pursuant to § 2254 "only if the adjudication of the claims on the merits by the state court 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... resulted in a decision that was based on an unreasonable determination of the facts.'"

*Lambert v. Jones*, 321 F.3d 747, 750-51 (8th Cir. 2003)(citations omitted). The United States

AO72A
(Rev. 8/82)

Supreme Court has elaborated that:

> First, a state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."

*Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003)(citations omitted).

> Second, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.,* at 413, 120 S.Ct. 1495. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.,* at 410, 412, 120 S.Ct. 1495. The state court's application of clearly established law must be objectively unreasonable.

*Id.* at 1174 (citations omitted).

With respect to his first claim, Bellew refers to the testimony of his wife's brother, James Michael Larey, who testified that, while Bellew was incarcerated following his arrest, Bellew threatened to press felony charges against Larey's sister, unless Larey dropped a pending civil suit against Bellew. (Tr. Vol. 5, p. 910) Bellew contends that he was unduly prejudiced by the admission of this testimony in that the jury could have concluded that Bellew, charged with the murder of his wife, threatened to have one of her "siblings" arrested. He argues that the admission of this testimony deprived him of fundamental fairness at trial in violation of the Sixth Amendment to the United States Constitution. (Doc. #10)

Bellew raised this claim on direct appeal to the Arkansas Court of Appeals. That court concluded that "[w]hile the correctness of the trial court's ruling on the statement's admissibility under the *Arkansas Rules of Evidence* is questionable," any error in the admission of the testimony was harmless in light of the weight of the evidence against Bellew. *Bellew v. State*, 2002 WL

1204414.

This court does not have the authority to consider a claim that the state court's decision to admit the testimony violated a state evidentiary rule. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Instead, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.*

Evidence admitted at trial can, however, be so unduly prejudicial as to deny a criminal defendant due process. *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). However, "a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Id.* A federal court will reverse a state court evidentiary ruling only if :

> the "petitioner ... show[s] that the alleged improprieties were 'so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair.' To carry that burden, the petitioner must show that there is a reasonable probability that the error complained of affected the outcome of the trial - i.e., that absent the alleged impropriety the verdict probably would have been different.
>
> ...
>
> Of particular importance is the frequency and pervasiveness of the alleged misconduct in the context of the entire trial, the weight of the evidence supporting guilt, and whether the trial judge gave a cautionary instruction to the jury on how to properly use the testimony elicited.

*Id.* (quoting *Hamilton v. Nix*, 809 F.2d 463, 470)(citations omitted).

We conclude that, even if in error under state law, the trial court's evidentiary ruling did not "infect the proceeding and render the trial fundamentally unfair." The testimony in question was given by only one witness. The testimony was brief. Further, as noted above, the weight of the evidence against Bellew was great.

-6-

Accordingly, we find that the Arkansas Court of Appeals identified the correct governing legal principle with respect to Bellew's evidentiary claim and did not unreasonably apply that principle to the facts of the case. Accordingly, this claim is without merit.

Bellew's second claim, that his trial counsel provided ineffective assistance by virtue of counsel's failure to challenge a waiver of rights form or move to suppress a custodial statement made by Bellew pursuant to that waiver of rights was considered by the Arkansas Supreme Court in the appeal of the denial of Bellew's petition for post-conviction relief. The Arkansas Supreme Court found that this claim was without merit as:

> no statement of appellant's was introduced based upon the form. Appellant points to statements made during his competency evaluation, but those statements were introduced prior to introduction of the form and without reliance upon it. Clearly, those statements made during the 911 call, particularly when coupled with the statements made by appellant's son, were adequate to support a conviction. Appellant has failed to allege any fact that would show either error by counsel or prejudice under the *Strickland* test.

*Bellew v. State*, 2005 WL 1411667.

A thorough review of the trial transcript confirms that the only statements by Bellew offered as part of the state's case were his statements to the 911 operator (Tr. Vol. 2, p. 249), statements made during his competency evaluation (Tr. Vol. 3, pp. 356-58), and spontaneous statements made to a neighbor several days following the killings. (Tr. Vol. 5, p. 972) We agree with the Arkansas Supreme Court that those statements were introduced without reference to and without reliance upon a waiver of rights form. Clearly, Bellew cannot show that he was prejudiced by his attorney's failure to attack the waiver of rights form or seek suppression of statements made pursuant to the form. *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) ("To prevail on an ineffective assistance claim, Supreme Court precedent requires a petitioner to demonstrate that counsel's performance was

-7-

deficient and that the petitioner was prejudiced by the deficient performance to such an extent that there is a reasonable probability that the outcome of the trial would have been different absent counsel's errors ... [p]rejudice is shown by demonstrating that counsel's errors were so serious that they rendered the proceedings fundamentally unfair or the result unreliable.")(citing *Strickland v. Washington*, 466 U.S. 668 (1984).

Respondent argues that the balance of Bellew's § 2254 claims are procedurally defaulted because they were not adequately presented to the Arkansas state courts.

The state courts should have the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts. *Engle v. Isaac*, 456 U.S. 107, 128-129 (1982); *Smittie v. Lockhart*, 843 F.2d 295, 296-297 (8th Cir. 1988). This principle is implicated in determining whether a petitioner has exhausted all his remedies available in the state courts, as well as in determining whether he has preserved his claims for federal habeas review by complying with state procedural rules governing their presentation. *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988), *cert. denied*, 490 U.S. 1114 (1989). *See Coleman v. Thompson*, 111 S.Ct. 2546, 2554-55 (1991).

A federal habeas court ordinarily cannot review the merits of a claim which a petitioner has never presented to any state court. *Williams v. Arkansas*, 941 F.2d 672, 673 (8th Cir. 1991); *Johnson v. Lockhart*, 944 F.2d 388, 390 (8th Cir. 1991). A petitioner must "fairly present" the substance of his federal claim, including the facts and legal theory, to the highest state court. *Rust v. Hopkins,* 984 F.2d 1486, 1490 (8th Cir. 1993), *cert. denied*, 508 U.S. 967, 113 S.Ct. 2950 (1993); *Martin v. Solem*, 801 F.2d 324, 330-31 (8th Cir. 1986).

We proceed with an evaluation of each of Bellew's remaining claims with respect to this

AO72A
(Rev. 8/82)

contention.

Bellew's third claim herein is the contention that his trial counsel provided ineffective assistance by virtue of counsel's failure to move the trial court to suppress evidence illegally obtained as a result of the crime scene. (Doc. #10) In Bellew's state court petition for post-conviction relief, he asserted that his attorney provided ineffective assistance by failing to move to suppress evidence arising from an unlawful search; a search to which Bellew did not voluntarily and knowingly consent, and which was not authorized under a properly issued search warrant. (Doc. #5, Ex. D) The Miller County Circuit Court concluded that "[a]ll evidence was obtained through the search of the home of Mr. Bellew's victims, his wife and his son, who were murdered by Mr. Bellew at their home. There is no valid claim for Fourth or Fifth Amendment violations and therefore counsel was not ineffective for failing to raise such claims." (Doc. #5, Ex. E )

On appeal, the Arkansas Supreme Court found this claim to be "conclusory" as failing to specify individual items of evidence which Bellew contended should have been the subject of a suppression motion. Further, the court found that Bellew did not "indicate how suppression of any of this evidence would have changed the outcome." Accordingly, the court found that Bellew is not entitled to relief on this ground. *Bellew v. State*, 2005 WL 1411667.

The Arkansas Supreme Court has consistently held that conclusory allegations and statements cannot be the basis for postconviction relief. *Nance v. State*, 339 Ark. 192, 195-196 (1999)(conclusory allegations that are unsupported by facts do not provide a basis for either an evidentiary hearing or postconviction relief). In *Spivey v. State,* 299 Ark. 412, 417 (1989) the court observed:

A claim that prejudice was suffered without any factual explanation about what form

the prejudice took or how serious it was is not enough to prove ineffective assistance
of counsel. Conclusory allegations which are not supported by a showing of actual
prejudice so serious as to deprive the petitioner of a fair trial or a fair appellate
proceeding do not warrant an evidentiary hearing.

By questionnaire/addendum to petition, filed in this court, Bellew elaborated that he believes that "hearsay conversations" the night of the killings; the 911 calls; and fingerprints on the guns should have been the subject of motions to suppress. (Doc. #10) By the Second Questionnaire/Addendum to Petition, we asked Bellew to explain why he failed to specifically identify this evidence in his sate post-conviction relief petition. In response, Bellew simply asserts that he was not required to do so. (Doc. #12)

Since Bellew has not presented this claim to the Arkansas courts with sufficient specificity, it is procedurally barred unless Bellew can show "cause" which would excuse his failure to present the claims to the state courts with the required specificity. *Bousley v. U.S.*, 523 U.S. 614, 622 (1998); *Murray v. Carrier*, 477 U.S. 478, 485 (1986). Since Bellew offers no "cause" to excuse the failure, the claim is procedurally barred.

Next, Bellew asserts that his attorney should have moved for a change of venue. (Doc. #10) The Arkansas Supreme Court rejected this claim finding that "whether or not to seek a change of venue is a matter of trial strategy...To establish that failure to seek a change in venue amounted to ineffective assistance of counsel, a petitioner must allege and prove that the jury was biased and not impartial, with more than mere conclusory allegations." *Bellew v. State* 2005 WL 1411667 *citing Echols v. State*, 354 Ark. 530, 127 S.W.3d 486, 505-06 (2003). The court noted that Bellew had "not specified any conduct of a juror from which it can be ascertained that the juror was unprepared to afford him an impartial hearing of the evidence." *Id.* Indeed, in his Second Questionnaire/Addendum

AO72A
(Rev. 8/82)

to Petition, when asked to list and describe all information and evidence of which he is aware which would have justified a change of venue, Bellew could only state that "the extensive publicity and media coverage had totally exposed and utterly corrupted the trial atmosphere of/for the petitioner and the utterly exposed press coverage to the people of Miller County however biased Petitioner." (Doc. #12)

"Pretrial publicity can be the grounds for reversal only if it has actually prejudiced the jury." *Perry v. Lockhart*, 871 F.2d 1384, 1390 (8th Cir. 1989)(citing *Murphy v. Florida,* 421 U.S. 794, 803 (1975)). Even if potentially prejudicial material was published, that fact "does not conclusively demonstrate that a fair trial is impossible in the local area." *Simmons v. Lockhart*, , 814 F.2d 504, 509 (8th Cir. 1987). Here, as in *Perry*, the petitioner "points to nothing in the record that suggests that the jury was partial, as he is required to do." *Id.* (citing *Dobbert v. Florida,* 432 U.S. 282, 303 (1977)).

We find that the Arkansas Supreme Court applied Arkansas law to this claim, in finding that Bellew's claim as to the failure of his attorney to seek a change of venue was conclusory in nature. The court's decision is not contrary to, nor did it unreasonably apply, a decision of the Supreme Court; neither does it demonstrate an unreasonable determination of the facts. *Lambert v. Jones*, 321 F.3d 747, 750-51 (8th Cir. 2003)

Bellew also contends that his attorney should have attempted to strike three jurors who were biased against him. In his *Rule 37* petition, filed in the trial court, Bellew asserted that three selected jurors were prejudiced against him. (Doc. #5, Ex. D)

The first of these jurors is Brian Jones. Mr. Jones testified during jury selection that Tom and Barbara Sutton are his wife's uncle and aunt. (Tr. Vol. 2, p. 98) Barbara Sutton was a state's witness

during the trial. (Tr. Vol. 5, pp. 960-65) She testified that she was a good friend and neighbor of the victims. (Tr. Vol. 5, p. 961) She took food to their home. (Tr. Vol. 5, p. 967) She helped Ms. Bellew while she was experiencing health problems. (Tr. Vol. 5, p. 966) She testified that at Janie Bellew's request she stored several guns belonging to the Bellews in her home. (Tr. Vol. 5, p. 961) She stated that on April 7, 1999, Miki Bellew came to her home and retrieved a pistol. (Tr. Vol. 5, p. 967-68) Ms. Sutton testified that she went to the Bellew home several days after the shootings where she saw Larry Bellew. According to Ms. Sutton, Bellew repeatedly stated that he was "sorry." (Tr. Vol. 5, p. 972)

Juror Thala Bolig stated that Deputy Sam Hughes is her brother-in-law's father. (Tr. Vol. 2, p. 95) Hughes testified as a defense witness. (Tr. Vol. 6, pp. 1214-1228) Hughes also served as bailiff during at least the first two days of the trial. (Tr. Vol. 6, p. 1214) He stated that he is a Miller County Correctional Officer. (Tr. Vol. 6, p. 1214) Hughes testified that while Bellew was incarcerated after the shootings, he was taking prescription medication. (Tr. Vol. 6, p. 1215) According to Hughes, while Bellew was taking medication as prescribed "he was all right," but when the drugs wore off he would "act up." He testified that Bellew acted "crazy ... a lot of the time." (Tr. Vol. 6, p. 1217) When Bellew first arrived at the jail he was placed on a suicide watch." (Tr. Vol. 6, p. 1219) Hughes also testified that he witnessed Bellew sign a "rights" form. (Tr. Vol. p. 1223)

Juror Bonnie Bennett stated that she attended church with the "victim's aunt." (Tr. Vol. 2, p.126) She stated that she had heard about the shootings and that Bellew was placed on the prayer list at her church. (Tr. Vol. 2, p. 127)

None of these jurors were challenged by Bellew's attorney. (Tr. Vol. 2, p. 254, 255-56, 264-65)

AO 72A
(Rev. 8/82)

According to Bellew, the failure of his attorney to challenge the selection of these jurors worked to deny him a trial by an impartial jury in violation of the Sixth Amendment. (Doc. #10)

The trial court found that "the panel was impaneled according to the law of the State of Arkansas and the Constitutions of Arkansas and the United States. The jury was properly selected; counsel was effective in the jury selection process." (Doc. #5, Ex. E.)

In rejecting this claim, the Arkansas Supreme Court found that jurors "are presumed unbiased, and the burden of demonstrating actual bias is on the petitioner ..." The court concluded that Bellew had failed to "demonstrate that he was prejudiced by the juror being seated." *Bellew v. State* 2005 WL 1411667.

Bellew's claim of ineffective assistance of counsel grounded upon his attorney's failure to strike these three jurors must be rejected. "[T]o maintain a claim that a biased juror prejudiced him [a defendant] must show that the juror was actually biased against him." *Goeders v. Hundley,* 59 F.3d 73, 75 (8th Cir. 1995)(citing *Smith v. Phillips*, 455 U.S. 209, 215 (1981)). Further, "great deference" is given to "the determinations of the state court, both trial and appellate, that jurors are not biased." *Id.* "In habeas proceedings, the determination by the trial judge that jurors are qualified is subject to a presumption of correctness." *Snell v. Lockhart*, 14 F.3d 1289, 1294 (8th Cir. 1994).

The identified jurors were not disqualified under Arkansas statute. *See A.C.A. §§ 16-31-101 et seq*. Further, each juror stated that he or she would be impartial. (Tr. Vol. 2, pp. 96, 98, 127, 152-53, 195 )

Bellew has failed to allege any fact or cite any portion of the record which would support a claim of actual juror bias. *Goeders*, 59 F.3d at 75-76 (claimant must show actual juror bias). Bellew's allegations are conclusory in nature, citing only the jurors' relationship to or acquaintance

AO72A
(Rev. 8/82)

with witnesses and others. Particularly in view of the overwhelming evidence of Bellew's guilt, habeas relief may not be granted on Bellew's claim of juror bias. *See 28 U.S.C. § 2254(d)*(relief may be granted pursuant to § 2254 only if state decision was contrary to or involve an unreasonable application of clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts).

**Conclusion:**

From the foregoing, we find that Bellew's petition should be dismissed, as his claims are either procedurally barred or substantively without merit. Accordingly, we recommend that the pending petition be dismissed with prejudice.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of April 2006.

*/s/ Bobby E. Shepherd*
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)